**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| STATE OF ALASKA, | ) | Case No. 24-396L |
|  | ) |  |
| Plaintiff, | ) | Judge Richard A. Hertling |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**JOINT STATUS REPORT**

On December 19, 2025, the parties filed a joint status report describing the district court proceedings in *Northern Dynasty Minerals Ltd. v. EPA*, No. 3:24-cv-59 (D. Alaska). Dkt. No. 22. In those consolidated cases, the State of Alaska (among other plaintiffs) challenges the EPA's exercise of its Clean Water Act Section 404(c) authority under the Administrative Procedure Act. The parties in that case have finished briefing the merits of the plaintiffs' challenges to the EPA's decision and the district court has set oral argument for June 25.

Here, in its last order, the Court extended its stay. Order, Dkt. No. 23. It also directed the parties to file another joint status report by June 19. The Court stated that "unless [the parties] are prepared to proceed at that time, the Court will schedule briefing on a motion to dismiss under 28 U.S.C. § 1500 to resolve the issue of the Court's jurisdiction to consider the plaintiff's claims in the future." *Id.* The parties do not propose proceeding now with the litigation in this Court. Among other things, the district court litigation continues and the parties do not know how the court will rule on the challenges to EPA's Section 404(c) final determination.

Per the Court's last order, the parties propose a briefing schedule for a motion to dismiss under 28 U.S.C. § 1500[1]:

**July 24, 2026**       The United States files its motion to dismiss under 28 U.S.C. § 1500.

**August 28, 2026**     The State of Alaska files its response.

**September 18, 2026**  The United States files its reply.

---

[1] The United States understands the Court's order to be focused on considering the jurisdictional question under 28 U.S.C. § 1500 to resolve whether the Court may "consider the plaintiff's claims in the future." Dkt. No. 23. The United States thus does not interpret the Court's order as requiring any motion to address other grounds for dismissing the complaint. It reserves the right to move to dismiss the complaint on other grounds if the Court finds that it has jurisdiction, ultimately lifts the stay, and the case proceeds.

Respectfully submitted this 17th day of June, 2026,

/s/ *J. Michael Connolly* (with consent)
J. Michael Connolly
*Counsel of Record*
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
mike@consovoymccarthy.com

*Of Counsel*

CORI MILLS
ACTING ATTORNEY GENERAL
Ronald W. Opsahl
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
(907) 269-5232
ron.opsahl@alaska.gov

Steven Begakis
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
steven@consovoymccarthy.com

*Counsel for Plaintiff the State of Alaska*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

s/Brian R. Herman

BRIAN R. HERMAN
Senior Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3278
Brian.Herman@usdoj.gov

3